# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Janis Carlson and Donald Carlson, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| Integrity Financial Partners, Inc., | ). |
| and Jane Doe, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## JURY TRIAL DEMANDED

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiffs reside in this district, and Defendants transact business in this district.

## PARTIES

4. Plaintiff Donald Carlson (hereinafter "Plaintiff Donald"), is a natural person residing in the County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff Janis Carlson (hereinafter "Plaintiff Janis"), is a natural person residing in the County of St. Louis, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Integrity Financial Partners, Inc. (hereinafter "Defendant Integrity"), is a collection agency operating from an address of 4370 W 109th Street, Ste 100, Overland Park, KS 66211 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Jane Doe (hereinafter "Defendant Doe") is a natural person employed by Defendant Integrity as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

8. Sometime prior to October 2009, upon information and belief, Plaintiffs incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Integrity for collection.

10. Upon information and belief, within a year of the date of this complaint, Defendant Doe left a message on Plaintiffs' telephone, which failed to communicate that Defendant Doe was a debt collector and attempting to collect a debt, "Donald Carlson, this is Mrs. Jones, I'm calling about a personal business matter… I'm looking forward to speaking with you at 1-866-947-6931 extension 2095."

11. Upon information and belief, within a year of the date of this complaint, Defendant Doe left another message on Plaintiffs' telephone, which failed to communicate that Defendant Doe was a debt collector and attempting to collect a debt, "Donald Carlson, this is Mrs. Jones, I'm calling about a personal business matter… I'm looking forward to speaking with you at 1-866-947-6931 extension 2095."

12. The conduct of Defendants in failing to communicate that Defendants are debt collectors and attempting to collect a debt is a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(11) and 1692(f) amongst others.

### Respondeat Superior Liability

13. The acts and omissions of Defendant Doe, and/or the other debt collectors employed as agents by Defendant Integrity who communicated with Plaintiffs as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Integrity.

14. The acts and omissions by Defendant Doe and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Integrity in collecting consumer debts.

15. By committing these acts and omissions against Plaintiff, Defendant Doe and these other debt collectors were motivated to benefit their principal, Defendant Integrity.

16. Defendant Integrity is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

17. The above-detailed conduct by Defendants, of harassing Plaintiffs in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

**TRIAL BY JURY**

18. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs.

21. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

22. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

each and every Defendant and for each and every Plaintiff;

23. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each and every Plaintiff; and

24. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for each and every Plaintiff.

MARTINEAU, GONKO & VAVRECK, PLLC

Dated: February 19, 2010

_s/ Mark L. Vavreck_____.
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile: (612) 659-9220